FILED
CLERK
4/1/2025 12:07 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
31FO, LLC,

                Plaintiff,

   -against-

INCORPORATED VILLAGE OF LLOYD HARBOR, JEAN M. THATCHER, individually and as Village Mayor, THOMAS KRUMPTER, individually and as Village Police Chief, JAMES SINO, individually and as Village Building Inspector, JILL CERVINI, individually and as Village Clerk, TED SHAPSES, individually and as President of the Fort Hill Beach and Road Association, and FORT HILL BEACH AND ROAD ASSOCIATION, INC.,

                Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**
CV 22-3303 (GRB)(ARL)

**GARY R. BROWN, United States District Judge:**

Presently before the Court is another motion to dismiss filed by the Fort Hill Beach and Road Association (the "Association") and its president Ted Shapses (collectively, the "Association defendants"). Plaintiff's only remaining claim against the Association defendants is for "interference with easement rights" over Fort Hill Drive, the sole road abutting plaintiff's property. Because plaintiff has plausibly alleged that it holds an implied easement based on preexisting use over Fort Hill Drive, the Association defendants' motion is denied. However, plaintiff has not plausibly alleged the existence of an easement under any other theory, limiting the scope of discovery required on this claim.

**Background**

A detailed recitation of the allegations can be found in this Court's prior decision, *31FO, LLC v. Inc. Vill. of Lloyd Harbor*, No. 22-cv-3303(GRB)(ARL), 2023 WL 6385187, at *3–5

1

(E.D.N.Y. Sept. 29, 2023). As relevant here, plaintiff is the owner of 31 Fort Hill Drive (the "property") in the Village of Lloyd Harbor. The property includes "an approximately 25,000 square-foot main structure with three (3) kitchens and a sixteen (16) car garage, with three (3) accessory apartments above the garage structure." Third Amended Complaint, DE 42 ¶ 23. "The current structure maintains roughly the same footprints as it did in 1900, with the exception of the garage built in 1994." *Id.* ¶ 32. According to plaintiff, "the Property has never been used solely as a single- family dwelling" and is unsuited for such a purpose. *Id.* ¶ 24.

The property was originally part of a larger estate owned by Anna Matheson Wood (the "Wood estate"). *Id.* ¶ 21. Wood allegedly used the property for "various non-residential uses," such as fundraisers, galas, and commercial filming for television shows. *Id.* ¶¶ 21, 27, 33, 165. At some point, Wood constructed Fort Hill Drive as a private road on her property; per a 1969 agreement, Wood "assign[ed] to the [Association] all rights (other than easements and rights-of-way) she may have to control and administer said private roads," including Fort Hill Drive. DE 49-5 at 28.

Plaintiff purchased the property in 2019. That transaction was memorialized in a deed that transferred the property "with all right, title and interest, if any…to any streets and roads abutting" the premises. DE 49-4 at 2. The deed also purported to convey "a nonexclusive right of ingress and egress for all purposes from said premises in common with others over Fort Hill Drive." *Id.* at 5. Fort Hill Drive is the "sole means of ingress and egress to Plaintiff's Property." DE 42 ¶ 17.

In 2021, plaintiff entered an agreement with Next Step Productions to use the property for commercial filming purposes. Although plaintiff has submitted numerous permit applications, the Village of Lloyd Harbor has consistently denied them, allegedly because plaintiff failed to

2

obtain the Association defendants' written permission for film crews to traverse Fort Hill Drive. DE 42 ¶¶ 119, 121, 130.  Defendant Shapses allegedly stated that he would not allow any filming on plaintiff's property, even though the Village and its officials claim they have no objection to such activity.  *Id.* ¶¶ 123, 127.  Plaintiff asserts that it "has lost substantial income and film revenues of over a million dollars" based on its inability to fulfill its contract with Next Step or enter similar agreements with other production companies.  *Id.* ¶ 134.

Plaintiff filed this suit on June 3, 2022, primarily asserting various federal claims against the Village and its employees.  Following a lengthy procedural history, plaintiff filed a third amended complaint on February 7, 2024, which contains a claim for "interference with easement rights" against the Association defendants.[1]  *Id.* ¶¶ 161–80.  This claim recites—often in conclusory fashion—the elements of (i) an implied easement based on preexisting use, (ii) an implied easement based on necessity, (iii) an express easement, and (iv) an easement by prescription.  On October 14, 2024, the Association defendants moved to dismiss this claim, DE 49, and filed a memorandum in support.  DE 49-6.  Plaintiff filed a memorandum in opposition, DE 49-7, and defendants filed a reply in further support.  DE 49-8.

**Discussion**

*Standard of Review*

The Court has applied the well-trodden standard, recently discussed in *Potter v. Inc. Vill. of Ocean Beach*, No. CV 23-6456 (GRB)(ARL), 2024 WL 3344041, at *4 (E.D.N.Y. July 9, 2024), in deciding defendants' motion to dismiss.  In sum, assuming the allegations of the complaint to be true and drawing inferences in favor of the plaintiffs, the factual matters asserted must be facially plausible and support the propounded claim.  Where, as here, a plaintiff attaches

---

[1] The Court has supplemental jurisdiction over this state law claim under 28 U.S.C. Sec. 1367(a).

3

exhibits to the complaint, the Court may consider those exhibits in evaluating the motion to dismiss. *See Colson v. Haber*, No. 13-CV-5394 (JG)(CLP), 2016 WL 236220, at *2 (E.D.N.Y. Jan. 20, 2016).

*Implied Easement Based on Preexisting Use*

"To establish an implied easement based upon preexisting use [over a servient estate], three requirements must be satisfied: (1) unity and subsequent separation of title, (2) the claimed easement must have, prior to separation, been so long continued and obvious as to show it was intended to be permanent, and (3) the use must have been necessary to the beneficial enjoyment of the dominant estate at the time of the conveyance." *Four S Realty Co. v. Dynko*, 210 A.D.2d 622, 623 (N.Y. App. Div. 3d Dep't 1994). "The necessity required for an implied easement based upon preexisting use is only reasonable necessity," *Freeman v. Walther*, 110 A.D.3d 1312, 1316 (N.Y. App. Div. 3d Dep't 2013) (internal quotations omitted), but "mere convenience…is insufficient to justify the granting of an easement." *Hedden v. Bohling*, 112 A.D.2d 23, 24 (N.Y. App. Div. 4th Dep't 1985). In distinguishing reasonable necessity from convenience, New York courts often consider whether the easement would increase the monetary value of certain uses of the dominant estate. *See, e.g.*, *Monte v. Di Marco*, 192 A.D.2d 1111, 1112 (N.Y. App. Div. 4th Dep't 1993) ("a grantee claiming an easement implied by existing use must establish…that [the easement] affects the value of the estate conveyed"); *Dynko*, 210 A.D.2d at 623 (rejecting an implied easement claim because "there is no evidence of any monetary impact on plaintiff's commercial use of the property").

Here, plaintiff has plausibly alleged that it holds an implied easement based on preexisting use permitting plaintiff's business invitees to traverse Fort Hill Drive. First, plaintiff's exhibits indicate that Fort Hill Drive was part of the Wood estate until 1969, when

4

ownership and control over the road was transferred to the Association.  Second, plaintiff alleges that the Wood estate was used for a variety of commercial purposes prior to 1969 that required commercial vehicles to traverse Fort Hill Drive; whether that usage was "so long continued [that] it was intended to be permanent" is a question that cannot be resolved prior to discovery.  *See Dynko*, 210 A.D.2d at 623.  Finally, it is plausible that using the road to facilitate commercial activity was reasonably necessary for the enjoyment of the Wood estate, including the portion now owned by plaintiff, at the time of severance.  Plaintiff alleges that the prior owners of 31 Fort Hill Drive, including Wood, regularly generated income from filming on the property, but that the Association defendants' practices have stymied plaintiff's ability to do so.  This purported inability to use 31 Fort Hill Drive for commercial filming could plausibly affect the value of the property—particularly since plaintiff asserts the primary structure is not suited for use exclusively as a residence.  Therefore, plaintiff has adequately alleged that it holds an implied easement based on preexisting use over Fort Hill Drive and that the Association defendants improperly interfered with that easement.

*Implied Easement Based on Necessity*

A party asserting that it holds an implied easement based on necessity must allege "that there was a unity and subsequent separation of title, and that at the time of severance an easement over the servient estate's property was *absolutely necessary*."  *Simone v. Heidelberg*, 9 N.Y.3d 177, 182 (N.Y. 2007) (internal quotations omitted).  Such an easement most commonly occurs when, upon division of a larger estate, the only way to access the dominant estate is via a road on the servient estate.  *See Stock v. Ostrander*, 233 A.D.2d 816, 818 (N.Y. App. Div. 1996) (finding an easement based on necessity when "upon severance, [plaintiffs'] parcel became

5

landlocked by other properties with no access to a public highway due to the nature of the surrounding terrain, except via the dirt road across the lands owned by [defendant]").

Here, plaintiff has failed to allege that an easement over Fort Hill Drive was absolutely necessary when the road was severed from the rest of the estate. At that time, the parcel that is now owned by plaintiff was only a small portion of the Wood estate. Therefore, the dominant estate for this analysis is the Wood estate at large, and the servient estate is Fort Hill Drive itself. Although plaintiff describes Fort Hill Drive as the "sole means of ingress and egress to Plaintiff's Property," the relevant inquiry is whether the road was the sole means of ingress and egress to the Wood estate as it existed in 1969. Clearly, the answer is no. Fort Hill Drive was constructed as a private road on the Wood estate, providing a means of traveling within the property rather than a means of accessing the property from the surrounding area. Although the ability to use Fort Hill Drive freely would certainly have been beneficial to the Wood estate in 1969, it falls well short of the strict necessity required for an easement based on necessity.

*Express Easement*

"Under New York law, in order to establish an express easement, 'there must be a writing containing plain and direct language evincing the grantor's intent to create a right in the nature of an easement.'" *Devine v. Vill. of Port Jefferson*, 849 F. Supp. 185, 188 (E.D.N.Y. 1994) (quoting *Willow Tex, Inc. v. Dimacopoulos*, 68 N.Y.2d 963, 965 (N.Y. 1986)). Here, plaintiff has failed to identify any writing in which the Association demonstrated such an intent. Instead, plaintiff relies on the language of the 2019 deed that conveyed the 31 Fort Hill Drive to plaintiff; as the Association was not a party to the deed, that document is incapable of creating an express easement enforceable against the Association defendants. The 1969 agreement similarly fails to establish an express easement; although the agreement states that Wood intended to retain any

6

then-existing easements over Fort Hill Drive, it lacks the clear language required to itself create an express easement. As these are the only relevant documents plaintiff has identified, plaintiff has not plausibly alleged that it holds an express easement over Fort Hill Drive.

*Easement by Prescription*

In New York, establishing "[a]n easement by prescription requires proof of the adverse, open, notorious, and continuous use of another's land for" a period of ten years. *Greenhill v. Stillwell*, 306 A.D.2d 434, 435 (N.Y. App. Div. 2d Dep't 2003). "The requisite time period may be established by taking into account the period of use by a predecessor in title so long as there is an unbroken chain of privity." *Koepp v. Holland*, 688 F. Supp. 2d 65, 86 (N.D.N.Y. 2010), *aff'd*, 593 F. App'x 20 (2d Cir. 2014).

Here, plaintiff's claim that it holds a prescriptive easement over Fort Hill Drive is facially implausible. The relevant allegations are limited to a single paragraph in the complaint, which states that plaintiff's use of the road for commercial purposes "was adverse, open and notorious, continuous and uninterrupted for the prescriptive period, such that Plaintiff has an easement by prescription." DE 42 ¶ 177. Initially, this paragraph is "a formulaic recitation of the elements" of a prescriptive easement, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007), which "is conclusory and not entitled to a presumption of truth." *Wood v. Maguire Auto., LLC*, 508 F. App'x 65, 65 (2d Cir. 2013). More importantly, these conclusory assertions contradict facts alleged elsewhere in the complaint. For example, plaintiff states that the prior owners of 31 Fort Hill Drive "regularly used the Property for commercial filming purposes [and] were never required to obtain permits for such activities." DE 42 ¶¶ 40-44. If this is accurate, the commercial use of Fort Hill Drive did not become adverse until the Association defendants altered their practices after plaintiff purchased the property in 2019. Furthermore, plaintiff

7

alleges that no filming has taken place since 2021, as "Shapses and the Road Association have rendered futile any further effort at seeking a filming or event permit." This indicates that plaintiff has not used Fort Hill Drive for commercial purposes since that time—and has certainly not used the road openly and notoriously. Accordingly, plaintiff has not plausibly alleged that it holds a prescriptive easement over Fort Hill Drive.

**Conclusion**

For the foregoing reasons, the Court finds that plaintiff has plausibly alleged that it holds an implied easement based on preexisting use over Fort Hill Drive. Plaintiff's assertion that it holds an easement under any other theory is rejected. The parties are directed to proceed with discovery with the assigned magistrate judge, prioritizing discovery of evidence of the uses of Fort Hill Drive prior to 1969.

**SO ORDERED.**

Dated: Central Islip, New York
April 1, 2025

**/s/ Gary R. Brown**
Gary R. Brown
United States District Judge